UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMILY NAYLOR,

        Plaintiff,

v.                            Case No:  8:13-cv-2418-T-CM

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff Emily Naylor appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"), and supplemental security income ("SSI").   For the reasons discussed herein, the decision of the Commissioner is affirmed pursuant to 42 U.S.C. § 405(g).

### I.    Issues on Appeal

There are two issues on appeal: (1) whether the Appeals Council ("AC") appropriately considered the additional evidence submitted by Plaintiff; and (2) whether the ALJ applied the proper legal standards when evaluating Plaintiff's migraine headaches and fibromyalgia and the statements of two third parties, and whether her decision therefore is supported by substantial evidence.

## II.     Procedural History and Summary of the ALJ's Decision

On January 14, 2009,[1] Plaintiff protectively filed applications for a period of disability, DIB and SSI, alleging she became disabled and unable to work on November 10, 1989.[2]   Tr. 208-16.   The Social Security Administration denied her claim initially on March 17, 2009 and upon reconsideration on October 22, 2009.   Tr. 95-96; Tr. Tr. 97-98.   Plaintiff then requested and received a hearing before ALJ Phylis M. Pierce on June 15, 2011, during which she was represented by an attorney.[3]   Tr. 16-17, 58-94.   Plaintiff and Vocational Expert ("VE") Leslie F. Lloyd testified at the hearing.   *Id.*

On July 19, 2011, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim.   Tr. 21-33.   The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through March 31,

---

[1] Although the parties' memoranda identify January 14, 2009 as the date of Plaintiff's applications for SSI and DIB, the documents in the record state that Plaintiff completed her applications on February 4, 2009.   Tr. 208-16.   The date of the applications is not material to the Court's review.

[2] The alleged onset date subsequently was amended to September 1, 2006.   *See* Tr. 66; Doc. 22 at 2 n.1.

[3] Plaintiff originally was scheduled to have a hearing before ALJ Reinhardt Korte on January 20, 2011.   See Tr. 41-49.   The ALJ, Plaintiff, her attorney and a VE were present for the hearing.   Two medical experts, Dr. Savage and Dr. Brooks, also were present by telephone at the request of the ALJ.   Upon discovering that the two medical experts had not received approximately thirty pages of recently submitted and potentially relevant medical records, the hearing was continued.   Tr. 49.

The hearing before ALJ Korte was reconvened on March 10, 2011, at which time Plaintiff, her attorney and the ALJ were present.   Tr. 50-57.   Two medical experts, Dr. Mohammed and Dr. Farber, also were to be present via telephone.   The hearing again was continued, however, upon the ALJ determining that Plaintiff should receive a mental status examination after Dr. Mohammed suggested to the ALJ that there was "a multitude of conflicting medical evidence in the file."   Tr. 52.

- 2 -

2010.   Tr. 23.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2006, the amended alleged onset date.   *Id.*   At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the spine, bipolar disorder, mood disorder, anxiety disorder, personality disorder and obsessive-compulsive disorder.   *Id.*   At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."   Tr. 24.   The ALJ expressly considered whether Plaintiff's mental impairments meet the requirements of Listings 12.04 and 12.06, as well as the related "paragraph B" and "paragraph C" criteria.   Tr. 24-25.

Taking into account the effects from all of Plaintiff's impairments, whether severe or not, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work, with exertional limitations and a limitation to "simple, unskilled, repetitive jobs that do not involve contact with the general public and only occasional interaction with coworkers or supervisors."   Tr. 26.   The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the ALJ's RFC determination.   Tr. 27.

The ALJ then found that Plaintiff is not capable of performing any of her past relevant work.   Tr. 31.   The ALJ determined that Plaintiff is able to perform such

representative occupations as mail clerk (DOT 209.687-026), which is light, unskilled work with SVP of 2 and of which there are 4,000 jobs in the state and 170,000 jobs nationally; assembler (DOT 739.687-030), which is light, unskilled work with SVP of 2 and of which there are 16,000 jobs in the state and 800,000 jobs nationally; and hotel or office cleaner (DOT 323.687-014), which is light, unskilled work with SVP of 2 and of which there are 30,000 jobs in the state and 500,000 jobs nationally.   Tr. 32. Thus, the ALJ found that Plaintiff was not disabled and denied her claim.   Tr. 33.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on July 26, 2013.   Tr. 1-6, 16-17.   Accordingly, the ALJ's July 19, 2011 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on September 18, 2013.   Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by

substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The district court must consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence. *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV.    Discussion

Plaintiff first contends that the Appeals Council erred by failing to adequately consider the additional evidence submitted by Plaintiff, and by not remanding this case to the Commissioner in part because the additional evidence undermined the ALJ's findings.   Doc. 22 at 15-19.   Plaintiff next contends that the ALJ erred in her evaluation of Plaintiff's migraine headaches and fibromyalgia, and thus her decision is not based upon substantial evidence.   *Id.* at 19-26.   Lastly, Plaintiff contends that the ALJ erred in her evaluation of the statements submitted by two lay witnesses. Each argument is addressed separately.

> a.   *Whether the Appeals Council properly considered Plaintiff's additional evidence, and whether the ALJ erred in determining that Plaintiff's migraines and fibromyalgia are nonsevere impairments*

Plaintiff argues that the AC erred by summarily denying Plaintiff's request for review of the ALJ's decision, because the additional evidence demonstrated that Plaintiff sought continuing treatment for her migraines that became increasingly progressive in nature, which is contrary to the ALJ's assertion that Plaintiff only sporadically sought routine, conservative treatment for her migraines.   Doc. 22 at 15-19.   Plaintiff also contends that the additional evidence shows that Dr. DiGeronimo, who previously expressed concern about Plaintiff's noncompliance with his prescribed treatment, later indicated he believed that Plaintiff was compliant with her medications and treatment.   Thus, Plaintiff contends, because the ALJ based her decision in part on Plaintiff's noncompliance and pursuit only of routine, conservative care, the new evidence is material and should have been more fully

considered.   The Commissioner, citing *Ingram v. Commissioner of Social Security*, explains that "when a Plaintiff submits additional evidence to the AC and argues to the court that the AC erred in denying review, a district court must determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole."   Doc. 24 at 5 (citing 496 F.3d 1253, 1262, 1266 (11th Cir. 2007)).

The plaintiff in *Ingram*, as here, argued that the AC failed to adequately consider her additional evidence.   In that case, the AC accepted the evidence but denied review upon finding no error in the ALJ's decision.   496 F.3d at 1262.   The Eleventh Circuit rejected Ingram's argument that the AC summarily rejected her new evidence without considering it.   *Id.*   Here, Plaintiff similarly argues that the AC erred by summarily denying her request for review despite the additional evidence.   Here, the AC "found no reason" to review the ALJ's decision, and specifically stated: "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order . . . ."   Tr. 1.

The Order of Appeals Council states that the AC received the following evidence, which it made part of the administrative record: a brief from Plaintiff's attorney (Exhibit 18E); medical records from Thomas A. DiGeronimo, MD, dated January 10, 2011 to May 25, 2011 (Exhibit 45F); and medical records from Tampa General Hospital, dated May 11, 2011 (Exhibit 46F).   Tr. 5.   Thus, as in *Ingram*, the AC acknowledged receipt of the additional evidence, clearly stated that it considered the evidence and made it part of the record, and thus to the extent Plaintiff argues

that the AC in this case failed to adequately consider the evidence, Plaintiff's argument must be rejected.

The Regulations prescribe limited circumstances in which the AC will review an ALJ's decision.   Specifically, the AC will review a case if the ALJ appears to have abused her discretion; committed an error of law; the ALJ's action, findings or conclusions are not supported by substantial evidence; or there exists a broad policy or procedural issue affecting the general public interest.   20 C.F.R. § 404.970(a)(1)-(4); 20 C.F.R. § 416.1470(a)(1)-(4).   Where "new and material evidence" is submitted, the AC "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision."   20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).   As none of the circumstances in which the regulations permit the AC to review an ALJ's decision are present here, the AC did not err by denying review of the ALJ's determination that Plaintiff is not disabled.

Plaintiff also argues that remand was warranted because the new evidence tends to undermine the ALJ's findings and conclusions.   The Eleventh Circuit has explained that "[w]hen a claimant properly presents new evidence to the AC and it denies review, we essentially consider the claimant's evidence anew to determine whether 'that new evidence renders the denial of benefits erroneous.'"   *Burgin v. Comm'r of Soc. Sec.,* 420 Fed. Appx. 901, 903 (11th Cir. 2011) (quoting *Ingram,* 496 F.3d at 1262).   This is precisely what Plaintiff argues that the additional evidence has done here.

The ALJ found that Plaintiff had several "severe" impairments, but migraine headaches and fibromyalgia were not among them.   Instead, the ALJ noted that the record reflects that Plaintiff has been diagnosed with migraines and fibromyalgia, but noted "the claimant has received only sporadic treatment for such conditions" and the objective medical evidence revealed "little, if any, symptoms or limitations associated with these conditions."   Tr. 23-24.   When determining Plaintiff's RFC, the ALJ acknowledged that Plaintiff complained of headaches and stated the following:

> As for the claimant's reports of "horrible" migraine headaches, the record similarly reflects no supporting objective findings and little treatment.   In fact, the claimant's diagnoses of migraines appear to be based primarily on the claimant's subjective complaints.   In fact, in May 2009, Dr. Thomas A. DiGeronimo noted that he recommended to the claimant see an allergist or the Tampa General Headache Clinic for her complaints of headaches based on her "subjectively complaining of more than one headache per week."   However, the lack of evidence from such a specialist indicates that the claimant failed to follow-up on such recommendations, indicating her symptoms may not have been as severe as she has generally alleged.   In further support . . . the record reflects that the claimant was noncompliant with other treatment measures such as medication.

Tr. 28.

The ALJ also discussed Plaintiff's noncompliance with treatment, stating "the claimant's greatest impediment to mental health stability appears to be her repeated non-compliance with treatment measures"; noting that records "contain several annotations reflecting that the claimant does not take prescribed amounts of medication or 'she continues to have issues with noncompliance'"; and explaining that

"[t]he undersigned also notes that due to the claimant's history of non-compliance, the record reflects that the claimant has done little to improve her condition." Tr. 28, 29, 30. Thus, the ALJ considered Plaintiff's failure to follow up with Dr. DiGeronimo's recommended treatment, based on the lack of records indicating she had done so, and "repeated" noncompliance with medication and other treatments, in making the ultimate determination that Plaintiff is not disabled.

Among the additional evidence submitted to the AC are records of Dr. DiGeronimo dated May 25, 2011, which state that Plaintiff was taking her medication but cannot tolerate a higher dose, and that she had been seen at the headaches clinic at Tampa General Hospital. Tr. 980. Contrary to Plaintiff's contention that the additional evidence shows that Dr. DiGeronimo "removed" his concerns about Plaintiff's noncompliance with medication and treatment, however; a closer examination of the records submitted directly to the AC includes an additional notation by Dr. DiGeronimo that Plaintiff may not have been compliant with her medications. Specifically, Dr. DiGeronimo recorded on April 20, 2011 that Plaintiff felt that certain medications "were ineffective, but it does not appear that she was compliant with instructions." Tr. 983. The additional evidence also includes records from Tampa General Hospital, demonstrating that Plaintiff visited the headaches clinic on one occasion. The contents of those records, however, do not contravene any findings of the ALJ.

In sum, although the ALJ cited the lack of Plaintiff's follow up to Tampa General Hospital in her opinion, and the additional evidence establishes that Plaintiff

visited that facility on May 11, 2011, nothing in the additional evidence undermines the ALJ's determinations.   Instead, as noted, some records submitted directly to the AC confirm the ALJ's observations that Plaintiff's doctors were concerned about her noncompliance with recommended treatments, even as recently as 2011.   Thus, the record as a whole supports the ALJ's determination that Plaintiff is not disabled. The ALJ's decision therefore is supported by substantial evidence, and the AC adequately considered the additional evidence and did not err by failing to remand this case.

> b.  *Whether the ALJ properly assessed Plaintiff's RFC as it relates to her migraines and fibromyalgia*

Plaintiff next argues that the ALJ erred by finding that Plaintiff's migraines and fibromyalgia are nonsevere impairments and by failing to include any limitations related to these conditions in Plaintiff's RFC determination.   Doc. 22 at 19-26. Specifically, Plaintiff contends that because the ALJ erred at step 2 in finding these conditions nonsevere, the error was compounded at step 4 by the ALJ's failure to include related limitations in Plaintiff's RFC.   *Id.* at 20-21.

The Commissioner responds that substantial evidence supports the ALJ's findings at step 2, because the medical evidence does not reveal that Plaintiff had additional limitations caused by these conditions that were not reflected in her RFC. Doc. 24 at 9-13.   Moreover, the Commissioner argues, even if the ALJ erred by determining that Plaintiff's migraines were not a severe impairment, and the Court has determined that the ALJ did not err in this regard, based upon the Court's review of the additional evidence and the record as a whole, the error would be harmless.

The ALJ found in Plaintiff's favor at Step 2 when she determined that Plaintiff had other severe impairments, which allowed the ALJ to proceed with the evaluation process.   Doc. 24.   This is particularly so because the ALJ later stated that she considered all of Plaintiff's symptoms, including her migraines and fibromyalgia, in the later steps of the evaluation.   *Id.* at 8.   The Court agrees with the Commissioner.

To constitute a "severe" impairment, the impairment or combination of impairments must significantly limit the claimant's physical or mental ability to do basic work activities.   20 C.F.R. § 404.1520(c).   Where, as here, a claimant's impairment does not meet or equal the severity of one of the listings, the ALJ proceeds to determine the claimant's RFC.   20 C.F.R. § 404.1520(e).   The RFC is the most that a claimant can do despite her limitations.   *See* 20 C.F.R. § 404.1545(a).   At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC.   *See* 20 C.F.R. § 404.1546(c).   The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements.   20 C.F.R. § 404.1545(a).   The claimant's age, education, and work experience are considered in determining her RFC and whether she can return to her past relevant work, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite her impairments.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Plaintiff first contends that the ALJ's statement that Plaintiff received only "sporadic" treatment for her migraines is "simply not true" and cites to thirty one pages in the record that Plaintiff contends demonstrate her "frequent, persistent efforts to obtain relief from her chronically recurring headaches." Doc. 22 at 21. While it is true that Plaintiff's headaches are mentioned in each of the cited documents, many of them reflect that it was for some other ailment that Plaintiff primarily sought treatment on those occasions, and other documents only refer to Plaintiff's *history* of headaches. Moreover, none of the cited records reflect any limitations on Plaintiff's ability to perform work-related activities due to the headaches.

As to her fibromyalgia, Plaintiff argues that the ALJ erred by finding that it also is not a severe impairment, because multiple records reveal tenderness to the touch or similar findings. *Id.* at 24-26. None of these documents, however, establish any limitations on Plaintiff's ability to perform basic work activities. The ALJ acknowledged that "the record contains few references to the claimant's fibromyalgia," but does not reflect objective testing or similar findings. Tr. 27. Moreover, although Plaintiff contends that the ALJ should be directed to "properly evaluate the evidence of record bearing on Ms. Naylor's fibromyalgia, including obtaining more information from her treating physicians if such is ultimately deemed necessary," the burden rests with Plaintiff to provide evidence in support of her claim for disability. *Id.* at 26; *see* 20 C.F.R. § 404.1512(a), (c); 20 C.F.R. § 416.912(a), (c); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the

burden of proving he is disabled, and, consequently, he is responsible for producing evidence in support of his claim."); *Castle v. Colvin*, 557 Fed. Appx. 849, 852 (11th Cir. 2014) ("The claimant is responsible for providing medical evidence demonstrating an impairment and how severe the impairment is during the relevant time period.") (citing 20 C.F.R. § 404.1512(c)).

Thus, the record does not show that Plaintiff's fibromyalgia, or headaches, cause more than minimal limitation in her ability to work, and the ALJ therefore did not err in determining that Plaintiff's fibromyalgia and headaches do not constitute severe impairments or failing to include them in Plaintiff's RFC.

> c. *Whether the ALJ properly assessed the evidence from two lay witnesses*

Plaintiff next contends that the ALJ erred by failing to adequately and substantively address the evidence from Plaintiff's mother, Kathleen Naylor, and Plaintiff's friend, Nancy Hernandez.   Doc. 22 at 26-29.   Here, the ALJ specifically included in her opinion the following with respect to the lay evidence:

> Finally, the undersigned considered the third party reports by the claimant's mother, Kathy Naylor and claimant's friend, Nancy Hernandez.   However, to the extent that these reports are merely a restatement of the claimant's general allegations, they are given little weight for reasons as set forth above.

Tr. 31 (citations omitted).   Plaintiff argues that the ALJ was required to provide specific reasons for discrediting or rejecting lay evidence.   The Commissioner asserts, however, that the ALJ was entitled to discount the lay opinions as mere restatements of Plaintiff's claims, because by explicitly finding that Plaintiff's allegations are not fully credible, the ALJ *implicitly* sufficiently explained the reasons

for finding that the lay witnesses' restatements only were entitled to little weight. Doc. 24 at 14.

The Regulations expressly provide for the submission of lay evidence to show the severity of a claimant's impairments and how they affect the claimant's ability to work.   20 C.F.R. § 404.1513(d)(4).   Although Plaintiff correctly contends that the ALJ is required to state the weight given to the evidence and explain the reasons for his decision, the Commissioner accurately argues that an ALJ may implicitly make a credibility determination as to lay evidence through an explicit rejection of the claimant's own testimony.   In *Osborn v. Barnhart*, the plaintiff argued, as here, that the ALJ erred with respect to the weight given to written statements submitted by the plaintiff's family member.   194 Fed. Appx. 654, 666 (11th Cir. 2006).   In *Osborn*, however, unlike here, the ALJ failed to even mention the plaintiff's wife's statement. *Id.*   The Eleventh Circuit stated:

> We have held that an ALJ must state specifically the weight accorded each item of evidence and the reasons for his decision.   The testimony of family members is evidence of a claimant's subjective feelings of pain.   Even if the ALJ fails to make an explicit credibility determination as to a family member's testimony or statements, however, we will not find error if the credibility determination was implicit in the rejection of the claimant's testimony.

*Id.* (citations and quotation marks omitted).   Thus, even if an ALJ entirely fails to address third party statements or their credibility, an implied rejection of that evidence is enough.

Here, the ALJ made explicit findings as to the weight of third party statements, finding that the statements submitted by both Plaintiff's mother and

friend were entitled to little weight as mere restatements of Plaintiff's allegations. Tr. 31.   Where, as here, the ALJ explicitly found Plaintiff's testimony less than fully credible,[4] the ALJ's rejection of the statements submitted by third parties as mere restatements of that testimony is sufficient.   The ALJ was not required to make more detailed findings once she determined that the statements only paralleled the Plaintiff's subjective statements and did not add any new or material evidence.   *See Foreman v. Astrue*, No. 8:09-cv-932-T-24AEP, 2010 WL 3292810, at *6 (M.D. Fla. Aug. 3, 2010) ("Mr. Smith's statements do not add any new relevant information, as they directly parallel the Plaintiff's subjective statements . . . . Therefore, the ALJ was not required to articulate any reason for rejecting the lay testimony of Mr. Smith as it can be implied the ALJ discounted that testimony when he made his credibility determination of Plaintiff.").

Moreover, upon review of the statement submitted by Kathleen Naylor, the undersigned finds that to the extent it does not merely restate Plaintiff's allegations, the document suggests that Plaintiff actually may be capable of more than she alleges.   For example, far from supporting Plaintiff's contention that she is incapable of performing basic work activities, Kathleen Naylor's third party function report states that Plaintiff prepares her own meals three to six days per week, and "cooks delicious complete meals" except when she is agitated or depressed, in which case Plaintiff instead "[l]ooks for fast easy recipes."   Tr. 264.   Plaintiff's mother reports

___
[4] The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] determination."   Tr. 27.

that Plaintiff is able to do laundry, cook, perform light house work and use a riding lawn mower, and cooks and does laundry "most every day," mows the yard every two to four weeks, and picks up the house daily.  *Id.*  Kathleen Naylor also reports that Plaintiff spends time with others, talks and texts on the phone, watches movies with her friends and goes to the movies and out to eat.  Tr. 265.  Kathleen Naylor's report also states that Plaintiff goes to the grocery store, doctor's and counselor's offices, her son's school and her mother's and grandmother's houses on a regular basis.  Tr. 265.

Upon review of the affidavit submitted by Nancy Hernandez, the undersigned agrees with the ALJ's determination that this affidavit merely is a restatement of Plaintiff's allegations.  It also appears inconsistent in part with the statement of Kathleen Naylor regarding what types of activities Plaintiff is able to do on a daily basis.  Thus, the ALJ appropriately considered these two third party statements, and determined they were entitled to little weight.  The ALJ's decision is supported by substantial evidence.

## V.   Conclusion

The ALJ considered the evidence in according with the Regulations, and determined that Plaintiff is not disabled.  Upon review of the additional evidence submitted to the AC, the undersigned finds that the evidence does not demonstrate one of the bases upon which the AC may review an ALJ's decision, and therefore the AC's failure to remand this matter to the ALJ was not error.  Upon review of the entire record, the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1.     The decision of the Commissioner is **AFFIRMED**.

2.     The Clerk of Court is directed to enter judgment in favor of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of March, 2015.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record